CASE 43—EQUITY—SEPTEMBER 24.

# Best, Etc. v. Swift, Etc.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

1. DEVISE—CONSTRUCTION—GRANDCHILDREN INCLUDED IN A DEVISE
   TO CHILDREN.—Under a devise to an executor to sell realty when
   the youngest child attains the age of twenty-one for an equal
   division among her "then living children, or the heirs of their
   body respectively," two children of a son who had died before
   the making of the will were entitled to their father's aliquot
   interest.
2. SAME—EFFECT OF LEGACY TO GRANDCHILDREN.—In such a case a
   legacy of money to the grandchildren raises no presumption
   that it was the intention of the testatrix to exclude them from
   participation in a division of the proceeds of the realty. They
   are entitled to the legacy presumably to equalize them with
   the then living children.

JAMES T. A. BAKER AND JOHN ROBERTS FOR APPELLANTS.

1. The language, "then living children," can not be construed to in-
   clude grandchildren, because the father of these grandchildren
   was dead when the will was made. Ky. Stat., sec. 2064; Chen-
   ault v. Chenault, 88 Ky., 83; Fuller v. Martin, 96 Ky., 500.
2. The legacy to the grandchildren raised the presumption that they
   were not to be included in the final distribution.
3. Words obviously miswritten may be corrected. Jarman on Wills,
   vol. 3, p. 699.
4. Evidence tending to contract the will is incompetent. Wigram
   on Wills, p. 188; Timberlake v. Parish, &c., 5 Dana, 350; Green-
   leaf on Evidence, sec. 296; 15 Am. L. Review, 156; Gould v.
   Lake, 43 Law Times R. (U. S.), 382.

GEO. G. BRIGGS AND JAS. C. POSTON FOR APPELLEES.

1. On the inadmissibility of parol testimony. Greenleaf on Ev.,
   sec. 296; Timberlake v. Parrish's Exr., 5 Dana, 345; Coote v.
   Boyd, Bro. Chy. Rep., 521; Am. & Eng. Enc. of Law., vol. 13, p.

54; Fogle's Exr. v. Fogle, 9 Bush, 721; Chenault's Gdn v. Chenault's Exors., 88 Ky., 83.

2. On construction of the will. Jarman on Wills, 6th ed., vol. 2, p. 713.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

Charlotte Best was the mother of six children, five of whom were living when she died, in 1885. The remaining one, a son, had died several years before his mother, leaving two children. She was the owner of but little personal estate, but owned real estate of the value of some $25,000 or more. The proper construction of her will is the sole question presented on this appeal. After providing for the payment of her debts and funeral expenses, she directs that her children, or such of them as may be unmarried, shall continue to live together at the family residence until the youngest should arrive at the age of twenty-one years; that the sons George and Philip should continue the business of keeping and operating the barbershop and bathroom attachments; and to them she gives the furniture, fixtures, and good will of that business, and the full use of the entire house, free of rent, for a family residence, for all the children who may be unmarried and choose to dwell there until the youngest reaches the age of maturity. To her son Charles she gave the sum of $300, to be paid to him as soon as the executor may deem best. To her two daughters, Charlotte and Mena, she gave the parlor and bedroom furniture, wearing apparel, etc., and provided that, if any of the children under twenty-one should be sick, the expenses were to be paid out of the general estate. The remaining clauses of the will, except the tenth, which merely named her executor, furnish the grounds of this controversy, and are as follows: "Clause 7. It is my will

that my executor will, when my youngest child reaches
the age of twenty-one years, sell my real estate, consist-
ing of my house and lot on  *  *  *,  and also my house
and lot on  *  *  *,  at public or private sale, and divide
the proceeds, except as hereinafter stated, equally between
my then living children, or the heirs of their body respec-
tively; and until said time no one of my children can sell,
mortgage, or in any manner encumber his or her inter-
est in my estate; and until said time, any one of my
children dying without leaving issue, his or her share
shall form part of my general estate.   Clause 8.  To Ludd
and Carrie Best, the children of my deceased son, Chris-
topher, I will and bequeath the sum of two hundred ($200)
dollars each, to be placed in bank for them when my real
estate is sold and paid for, to be paid them when they
respectively arrive at the age of twenty-one years; but,
should any of them die before that age, the share of
either or both so dying shall be equally divided between
my then living children and their descendants.   Clause
9. It is my will that my executor will at the time of the
sale and distribution of the proceeds of my real estate,
and after paying necessary expenses, divide all the rest
and residue of my estate not herein disposed of, equally
between my then living children and their heirs."   It was
the opinion of the chancellor that the two grandchildren
were entitled to share in the proceeds of the sale of the
real estate, and were entitled to one-eighth each, it ap-
pearing that two of the five children living at the death of
the testatrix had died without issue, and the youngest
having arrived at the age of maturity.   From this judg-
ment, the children have appealed.    From the grandchil-
dren's portion taken under the seventh clause was to be
taken the sum of $400 given them in the eighth clause,

and from this portion of the judgment they have prayed a cross appeal.

It is the contention of the appellants that the testatrix intended to give to her children proper her entire estate, save the pittance set apart for the two grandchildren in the eighth clause; that their father had died in 1876, and she knew that he had left these two grandchildren, yet she nowhere mentions them except in the eighth clause. It is argued that she meant, if all of her children living when she made her will, in 1885, were living when the final distribution took place, the proceeds of the sale of the property should be divided equally among them, but if any of them were dead, leaving issue, that issue to take the share of the parent. We can not concur with counsel in this contention. The testatrix contemplated and made provision for a division of her estate at a future time, when some of her children would be living, and some of them probably dead, leaving issue. The children then living were to take, but not only so. The heirs of their body, respectively, were also to participate in the division. It can not be she meant "the heirs of the body" of the children then living. They would have no heirs. She referred, therefore, to the heirs of the body of such of her children as might be dead. We perceive no reason for saying she intended to limit the devise to the heirs of the body of a part only of her children. She meant, therefore, "the heirs of the body" of all her children who might be dead, leaving such heirs. We think, further, that by providing against an equal division of the proceeds of the real estate, as was done by the use of the expression, "except as hereinafter stated," the testatrix clearly indicated that she numbered the grandchildren of her deceased son in the class among whom the division was to be made; otherwise,

the clause is entirely senseless.  The division was to be equal among the class, the living and the heirs of the dead, except that (eighth clause) the grandchildren were to have $200 each out of the proceeds before the division was made; and this, we may suppose, was in entire accord with the perfect equality intended, certain specific legacies and benefits having already been provided for the children. It is to be noticed that the division is to be equal after the $400 are set apart to the grandchildren, and we think, therefore, that this sum is not to be taken from the shares of these grandchildren, as indicated in the chancellor's opinion.  They get their specific legacies just as the children get theirs, and then all share alike in the proceeds of the real estate.  And this, we think, is true of the division of the personal estate provided for in the ninth clause. Wherefore the judgment is affirmed on the original and reversed on the cross appeal, for further judgment in accordance with this opinion.